## Harlan Wallins Coal Corporation v. Erwin et al.

(Decided Sept. 26, 1933.)

A. G. PATTERSON for appellant.

J. L. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On or about October 4, 1930, J. F. Erwin, who was working for the Harlan Wallins Coal Corporation, was injured. On May 19, 1931, he applied to the Workmen's Compensation Board for compensation. The case was set for hearing on September 30, 1931. At this hearing Erwin introduced part of his evidence and moved for time to complete his evidence by depositions. On October 6, 1931, the Workmen's Compensation Board gave Erwin 30 days to complete his proof, and the employer 40 days thereafter to take its proof. Within the time allowed him Erwin completed his proof and closed on November 2, 1931, but the employer did not take its evidence during the 40 days allowed it. On January 4, 1932, and after the time had expired, it moved the board for an extension of time in which to take its evidence, and this motion was sustained, and the employer was given 20 days in which to take medical testimony, and plaintiff 15 days thereafter for taking rebuttal testimony, "after which," the order provided, "the case will be submitted." The employer did not take any further evidence during the time allowed, and on April 19, 1932, the board rendered an award in favor of Erwin. On April 23, 1932, the employer moved to set aside the order of April 19 and to be given an opportunity to take the depositions of Drs. Howard and Cawood. Erwin contested the grounds of the application and pleaded facts showing that he had submitted himself to examination by Drs. Howard and Cawood and that the employer had had abundant time in which to take their depositions. Appellant's motion for a full board review was sustained and the board affirmed the award rendered on April 19, 1932. On June 2, 1932, the coal company filed in the Harlan circuit court its petition for a review on the ground that the findings of the board were not supported by the evidence and facts, that there was no competent evidence introduced to sustain the award, and because same was not in conformity with the provisions of the Work-

men's Compensation Act. There was the further claim that the award was entered by fraud and without authority of law, and because there was no competent evidence introduced before said Board to sustain said award. It was also alleged that the case was prematurely submitted by the board and heard by them without giving the coal company an opportunity to introduce its medical testimony. Summons was issued thereon and served on Erwin on July 14, 1932. At the second day of the August term of the court, which was August 16, Erwin and the other defendants interposed a demurrer which was overruled. Thereupon they filed an answer to the petition, and, upon motion of the defendants, the case was submitted. On August 28, the court entered judgment affirming the award of the board. On August 31, the coal company filed its motion and grounds for a new trial. The grounds specified in the motion are: (1) Because same is not sustained by the evidence and is contrary to law; (2) because the said judgment of this court is contrary to law and is not authorized under the express provisions of the Kentucky Workmen's Compensation Act (Ky. St., sec. 4880 et seq.).

Appellant insists that it is entitled to a reversal on the ground that the case was decided by the Harlan circuit court without an order of submission and without notice to its counsel. The record discloses the following order entered on the 16th day of August, 1932, the second day of the August term:

"Came the defendants and filed their demurrer to the petition of the plaintiff and the court overruled same to which the defendants objected and excepted. Thereupon came the defendants and filed their answer to said petition and upon the motion of the defendants this case is submitted to the court for orders and judgment."

It is at once apparent that there is no merit in the contention that the case was submitted or decided without an order of submission entered by the court.

With respect to the claim that appellant's counsel had no notice of the submission, the record is silent. All that we have is the statement of appellant's counsel that he had no notice and the statement of appellees' counsel that he had notice. However this may be, appellant did not ask that the judgment be set aside

and for a new trial on the ground that the case was prematurely submitted, or was submitted without notice, but relied entirely on other grounds. Not having raised the question in the circuit court, and not having given that court an opportunity to correct the error, if one was made, appellant is not in a position to complain that the case was prematurely submitted, or submitted without notice.

It is not contended that there was not sufficient evidence before the Workmen's Compensation Board to sustain the award. The only serious contention is that the Compensation Board submitted and heard the case without giving appellant an opportunity to take the depositions of Drs. Howard and Cawood. All that is necessary on this point is to call attention to the steps taken by the board as above set forth. The case was set for hearing on September 30, 1931. Erwin then introduced part of his evidence and asked for time to complete by depositions. On October 6, 1931, the board gave Erwin 30 days to complete his proof and appellant 40 days thereafter to take its proof. Within that time Erwin completed his proof and closed on November 2, 1931, but appellant did not take its testimony during the 40 days allowed, but on January 4, 1932, and after the time had expired, it asked for additional time in which to take its testimony. The motion was sustained, and appellant was given 20 days in which to take its medical testimony and plaintiff 15 days thereafter for taking rebuttal testimony, the order reciting, "after which the case will be submitted." Appellant cannot complain of want of notice, for it was apprised by the very order which it obtained that the case would be submitted at the end of 35 days. Notwithstanding this fact, it did not take any further evidence during the time allowed, and on April 19, 1932, the board rendered its award in favor of Erwin. A few days later appellant asked that the award be set aside and that it be given an opportunity to take the depositions of Drs. Howard and Cawood. Not only did the motion fail to state any good reason why the depositions of the two physicians had not theretofore been taken, but Erwin's affidavit showed that, after he had been examined by the doctors, appellant had had abundant time in which to take their depositions. It is therefore apparent that the board was not guilty of any improp-

riety or misconduct either in deciding the case in the first instance, or in refusing to set aside the award and give appellant additional time to take its medical testimony. In the circumstances, the circuit court had no other alternative than to affirm the award.

Judgment affirmed.